PER CURIAM.
[ ]Writ denied. LaC.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. ' Relator’s application was clearly untimely, and he has not satisfied the exception to the prescriptive period for facts not known set out in La.C.Cr.P. art. 930.8(A)(1). See also La. C.Cr.P. art. 930.8(B) and La.C.Cr.P. art. 930.4(E).
Relator’s and his co-defendant’s convictions and sentences became final more than two decades ágo. State v. Edwards, 416 So.2d 1303 (La.1982); Relator has now filed and litigated three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La. C.Cr.P. art. 930.4. Notably, the Legislature in 2013 La. Acts 251'amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6 and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a, successive appli *393 cation appliés, relator has exhausted his right to state collateral review.